COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

VERNON M. ROGERS

v.    Record No. 1077-97-2                    MEMORANDUM OPINION[*]
                                              PER CURIAM
HOME BENEFICIAL LIFE INSURANCE                SEPTEMBER 9, 1997
 COMPANY AND FIDELITY & GUARANTY
 INSURANCE UNDERWRITERS, INC.

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Vernon M. Rogers, pro se, on brief).

              No brief for appellees.


     Vernon M. Rogers contends that the Workers' Compensation
Commission erred in (1) not removing the deputy commissioner from
ruling upon Rogers' claim; and (2) finding that Rogers failed to
prove permanent partial disability in his right eye causally
related to his compensable August 1988 injury by accident.  Upon
reviewing the record and opening brief, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

                              I.

     In response to Rogers' argument that the deputy
commissioner's November 14, 1996 opinion was void because the
commission did not remove the deputy commissioner from the case,
the commission found as follows:  "As was stated in our March 18,
1996 Opinion, '[t]here was no evidence or indication in the

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

record that the Deputy Commissioner will be unable to render a fair and impartial decision.'  A review of the commission's file confirms this.  The Deputy Commissioner acted fairly and impartially."

Our review of the record supports the commission's finding.  No evidence tends to prove that the deputy commissioner was unable to render a fair and impartial decision.  Accordingly, we cannot say that the commission abused its discretion in refusing to remove the deputy commissioner from the case.

## II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

The commission ruled that Rogers failed to prove permanent partial disability due to loss of vision in his right eye causally related to his compensable August 1988 injury by accident.  That ruling was based on a May 3, 1995 report by Dr. Garth Stevens, Jr., an associate clinical professor of ophthalmology at the Medical College of Virginia, who examined Rogers.  Dr. Stevens noted that Rogers had "a history of radiator cap injury in 1988, with corneal abrasion and traumatic iritis at that time."  However, Dr. Stevens diagnosed Rogers as suffering

2

from an idiopathic quiet uveitis OU and traumatic uveitis of the right eye, unrelated to the current ocular disease.  Although Dr. Stevens noted that Rogers had a history of glaucoma, Dr. Stevens found no glaucoma as of May 3, 1995.

The commission accepted Dr. Stevens' opinion and rejected the opinions of Dr. Clifton L. Peay.  Furthermore, the commission found that Dr. Peay's records were not clear in establishing a cause for the glaucoma that Dr. Peay found at some times but not at others.  The following principle is well established:

> "The general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.  However, when it appears . . . that the diagnosis is shaded by doubt, and there is medical expert opinion contrary to the opinion of the attending physician, then the trier of fact is left free to adopt the view which is most consistent with reason and justice."

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted).  Accordingly, the commission, as fact finder, was entitled to accept Dr. Stevens' positive opinion regarding causation and to reject Dr. Peay's unclear and conflicting opinions.

In light of Dr. Stevens' opinion that no causal connection existed between Rogers' current ocular disease and the compensable August 1988 injury by accident, we cannot say as a matter of law that Rogers' evidence sustained his burden of proof.  The commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173

3

S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.
